EASTERN DIS.
May, 1841.

STATE
vs.
JUDGE
OF DISTRICT
COURT.

18L 542
41 1084

## STATE vs. JUDGE OF DISTRICT COURT.

### AN APPLICATION FOR A MANDAMUS.

An injunction should not be granted to suspend an execution, on the ground that the petition for a suspensive appeal and appeal-bond were lost, before the appeal was granted.

The resignation and subsequent failure of one of the plaintiffs, who was a party to a judgment as Sheriff, furnish no excuse for the defendant, to withhold payment to his successor in office.

This is an application for a mandamus, to compel the District Judge to grant an injunction in a certain case, to stay an execution.

Thomas Hughes, J. Bellow Jr., C. F. Hozey as Sheriff, recovered a judgment against the La. State, Marine and Fire Insurance Co., on a policy of insurance on the schooner Frederic Arnet.

The attorney for the Insurance Company alleges, he filed his petition with the clerk, and an appeal-bond, to obtain a suspensive appeal in said case ; but that both the petition and bond have been lost or mislaid, and the time elapsed for obtain-

ing such appeals. He further states, that execution has issued
on said judgment, and the Sheriff is proceeding to seize and
sell property; that the judgment is partly in favor of Hozey,
in his official character as Sheriff, and he has resigned, and
also made a surrender of his property, and is not entitled to re-
ceive any of said money. That he applied for an injunction,
to restrain and prohibit the Sheriff from proceeding on said
judgment and execution; which was refused; and he prays
for a mandamus, compelling him to grant the said order and
writ of injunction.

A rule was taken on the District Judge, to show cause, why
the mandamus should not issue as prayed for.

The Judge showed cause, and the court took the case into
consideration.

_C. M. Conrad_, for the application.

_Martin, J._ delivered the opinion of the court.

On a rule to show cause, why a mandamus should not issue,
directing the District Judge to grant an injunction in the case
of Thomas Hughes et al. vs. Louisiana State, Marine and Fire
Insurance Company, he showed for cause, that the injunction
had been demanded on three several grounds :

1. That the defendants in the above suit had deposited in the
Clerk's office of the District Court a petition and appeal-bond
from the judgment rendered against them, within the legal de-
lay for a suspensive appeal; which petition and bond have
been lost.

2. That the said judgment is jointly in favor of C. F. Hozey,
in his official character as Sheriff; but that he has resigned, and
is no longer authorized to receive said debt.

3. That Hozey has made a surrender of his property to his
creditors, and can no longer sue for or receive monies due to
him individually prior to his cession.

It appears to us, that the applicant has mistaken his remedy,
if any there be. On discovering, that his petition and appeal-

EASTERN DIS.
*May,* 1841.

STATE
*vs.*
JUDGE
OF DISTRICT
COURT.

An injunction should not be granted to suspend an execution, on the ground that the petition for a suspensive appeal and appeal-bond were lost, before the appeal was granted.

The resignation and subsequent failure of one of the plaintiffs, who was a party to a judgment as Sheriff, furnish no excuse for the defendant to withhold payment to his successor in office.

bond were lost, it was his duty, immediately to do every thing in his power, to prevent the ill consequences of this accident. He should have prepared another bond, and presented it to the Judge, with a new petition of appeal; stating the previous facts, and loss of the first ones. The Judge might then have considered, whether these facts authorized the granting of any other, than a devolutive appeal; and if they did, whether the execution, that had issued in the meantime, might have been enjoined. If the party thought himself injured by the decision of the Judge on either of these points, he might then have resorted to us for relief. Were we to order an injunction to issue, the execution of a judgment, from which there is no appeal, would be indefinitely suspended.

II. The resignation of Hozey, one of the plaintiffs in said judgment, as Sheriff of the Parish, may give rise to the question, whether his successor, when the money is received, may pay it over to him, or retain it by virtue of his office; but it is no reason to delay the collection.

III. If Hozey has failed, and ceded his property to his creditors, the right of the Syndic, to receive the money when collected, may also give rise to another question; but this is no reason, why the collection of it should be delayed.

It is therefore ordered, that the rule be discharged.